UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA DeMOTT, ET AL.,

    Plaintiffs,

v.

UAW INTERNATIONAL UNION, ET AL.,

    Defendants.
    _____/

Case No. 07-12648

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [6, 7]**

Plaintiffs' Amended Complaint asserts a classic hybrid Section 301 claim alleging that Defendant General Motors Corporation ("GM") violated Plaintiffs' rights created in national and local Collective Bargaining Agreements (CBAs) and that Defendants UAW International Union and UAW Local 598 ("Local Union") breached their duty of fair representation by failing to enforce the CBAs.[1] *See* § 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185. Specifically, Plaintiffs allege (in Count III) that GM, the International Union, and the Local Union all conspired to keep relatives and friends of Union officials employed at GM's Flint Truck plant while denying Plaintiffs' their rights, provided in their CBAs, to remain at that plant.

This matter comes before the Court on Defendants' motions to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants' motions are GRANTED

---

[1]In response to Defendants' motions, Plaintiffs have withdrawn their state-law breach of contract claim. (Plfs.' Resp. at 5.)

because Plaintiffs' Amended Complaint conclusively establishes that they cannot allege facts excusing them from failing to exhaust their contractual and/or intra-union remedies.

**I.  Motion to Dismiss Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b) (6) tests the sufficiency of a Complaint. In a light most favorable to Plaintiff, the court must assume that Plaintiff's factual allegations are true and determine whether the Complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996); *Forest v. United States Postal Serv.*, 97 F.3d 137, 139 (6th Cir. 1996).

This standard of review "'requires more than the bare assertion of legal conclusions.'" *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997) (quoting *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The Complaint must include direct or indirect allegations "respecting all the material elements to sustain a recovery under *some* viable legal theory." *See In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citations omitted).

As observed by the Sixth Circuit, the Supreme Court recently clarified what a plaintiff must plead to survive a Rule 12(b)(6) motion to dismiss. *Assoc. of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955 (2007)). Specifically, it rejected the standard announced in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

> The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 127 S. Ct.] at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual

2

allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 127 S. Ct. at 1969.

*Assoc. of Cleveland Fire Fighters*, 502 F.3d at 548.

## II. Analysis

It is undisputed that Plaintiffs did not even attempt to exhaust their hybrid § 301 claims through the grievance process set out in their CBAs or through the intra-union process set out in the UAW Constitution. (Resp. at 7.) Rather, as set out in Counts IV and V of their Amended Complaint, Plaintiffs allege facts that anticipate Defendants' affirmative defense that their failure to do so is fatal to their § 301 claims. In an effort to excuse their failure to exhaust, Plaintiffs allege that doing so would be futile because Union officials (1) told them that their dispute over rights afforded them in their CBAs were not subject to the grievance process; and (2) stated that the decisions Plaintiffs were disputing involved "collective bargaining policies" that are precluded from review by the Public Review Board under Article 33, § 3(f) of the UAW's Constitution.[2]

---

[2]Specifically, as to the futility of pursuing their grievances against GM, Plaintiffs allege that UAW and Local 598 officials told them that "the union would not write a grievance for them in protest of their being removed from Flint Truck because the agreement with GM to remove them from Flint Truck was a collective bargaining matter and not subject to the grievance procedure." (Am. Compl. ¶ 114-116). As to the futility of pursuing their intra-union remedies, Plaintiffs allege that the UAW and Local 598 have stated that the decisions to (1) transfer Plaintiffs from their jobs at Flint Truck to Pontiac Truck; (2) allow GM employees from Area Hire to replace Plaintiffs; (3) allow GM employees from Extended Area Hire to replace Plaintiffs; and (4) allow GM's temporary employees to remain at Flint

3

Defendants argue that, despite Plaintiffs' futility allegations, their failure-to-exhaust affirmative defense has been conclusively established on the face of Plaintiff's Amended Complaint and thus this Court should grant their Rule 12(b)(6) motions to dismiss. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (1978) (statute of limitations defense); *Reed Elsevier, Inc. v. TheLaw.net Corp.*, 269 F. Supp.2d 942, 947 n.3 (S.D. Ohio 2003) (observing that "it is recognized that certain affirmative defenses, such as privileges, immunities, failure to exhaust administrative remedies, and statutes of limitations and the like, can be raised in Rule 12(b)(6) motions, where it is clear on the face of the complaint that the affirmative defense is valid"); *Leary v. A.R.U.S. Conerly*, No. 06-15424-BC, 2007 WL 1218952, *4 (E.D. Mich. 2007) (observing that, although the Prison Litigation Reform Act's exhaustion requirement is an affirmative defense in a prisoner's Section 1983 action, dismissal under Rule 12(b)(6) is proper when "the affirmative defense appears on the face of the pleading and suffices to establish the existence of the defense.")

To evaluate Defendants' motions, this Court examines Plaintiffs' Amended Complaint, their CBAs, the UAW Constitution, and the relevant law.[3]

To prevail on their hybrid § 301 claims, Plaintiffs must prove that GM breached their CBAs and that the Union breached its duty of fair representation. *Chauffeurs, Teamsters*

---

Truck while Plaintiffs were removed from Flint Truck were all "collective bargaining policies," and thus, Plaintiffs allege, these decisions are precluded from review by the Public Review Board under Article 33, § 3(f) of the UAW's Constitution. (Am. Compl. ¶¶ 118-127.)

[3]Because Plaintiffs' CBAs and the UAW's Constitution are referenced in Plaintiffs' Amended Complaint and are central to their claims, they may be considered on a Rule 12(b)(6) motion to dismiss. *Greenberg v. The Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999); *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

4

*& Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990); *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983). No liability attaches to any Defendant unless both prongs of the hybrid § 301 claims are established. *Roeder v. Am. Postal Workers Union, AFL-CIO*, 180 F.3d 733, 737 (6th Cir. 1999).

As to the breach of contract prong, it is well-established that if a grievance procedure is included in a CBA, that process must be first exhausted before a plaintiff may file a lawsuit alleging a breach. *Vaca v. Sipes*, 386 U.S. 171 (1967). As to the other prong, the law is equally well-established that a plaintiff union member must likewise exhaust all available intra-union remedies capable of activating or reactivating his or her grievance before filing a lawsuit alleging that the Union breached its duty of fair representation. *Clayton v. UAW*, 451 U.S. 679 (1981); *Monroe v. Int'l Union, UAW*, 723 F.2d 22, 24 (6th Cir. 1983).

It is undisputed that the National CBA at issue in this case contains a grievance and arbitration procedure, and Plaintiffs failed to even attempt to exhaust those administrative remedies. (GM Mot., Ex. 2, GM/UAW Agreement dated 9/18/03, ¶¶ 28-55.) It is likewise undisputed that internal union appeal remedies are available under Article 33 of the UAW's Constitution;[4] and Plaintiffs failed to either protest (1) Local 598's failure to file a grievance on their behalf, or (2) the UAW's and Local 598's decision to enter into an agreement with GM that allegedly violates their rights created in the CBA. (Plfs.' Am. Compl. ¶¶ 113, 118,

---

[4]Article 33 of the UAW Constitution requires all members to complete the appeals process set out in that document before bringing a lawsuit. (UAW Mot., Ex. 1, UAW Constitution, Art. 33, Sec. 5, p. 95.)

5

122-127.) Instead, Plaintiffs allege that their failure to exhaust is excused because any attempt to do so would have been futile.

As observed by the Sixth Circuit, generally in hybrid § 301 cases like this, "federal labor policy requires that individual employees wishing to assert contract grievances must *attempt* use of the contract grievance procedure agreed upon by employer and union as the mode of redress before filing suit." *Wagner v. General Dynamics*, 905 F.2d 126, 127 (6th Cir. 1990) (internal quotation marks and citation omitted). "[T]his exhaustion requirement similarly applies to internal union appeals procedures provided by a union constitution." *Id.* (citing *Clayton*, 451 U.S. at 696 and *Monroe*, 723 F.2d at 24). Moreover, if Plaintiffs "inexcusably failed to exhaust union appeals, the failure would bar this suit not only against the unions, but also against GMC." *Monroe*, 723 F.2d at 24 (citing *Clayton*, 451 U.S. at 692 n.20). *See also Wagner*, 905 F.2d at 127. Plaintiffs' arguments to the contrary are without merit.

In *Clayton*, the Supreme Court identified that a plaintiff's failure to exhaust may be excused if the plaintiff establishes that: (1) hostility on the part of union officials at every level of the appeal process precludes a fair hearing of the plaintiff's claim; (2) the internal appeals process is inadequate to provide complete relief or reinstatement of a grievance; or (3) exhaustion would unreasonably delay a plaintiff's ability to seek a judicial hearing on the merits of his or her claim. *Wagner*, 905 F.2d at 128; *Monroe*, 723 F.2d at 24-25. Defendants argue that Plaintiffs cannot show that grounds exist to excuse their failure to exhaust. This Court agrees with Defendants.

    **1. Plaintiffs Cannot Show Hostility**

Plaintiffs allege that UAW and Local 598 officials told them that "the union would not write a grievance for them in protest of their being removed from Flint Truck because the agreement with GM to remove them . . . was a collective bargaining matter and not subject to the grievance process."  (Am. Compl. ¶¶ 113-116.)  In conclusory fashion, Plaintiffs further allege that GM, the International Union, and the Local Union all conspired to keep relatives and friends of Union officials employed at GM's Flint Truck plant while denying Plaintiffs' their rights, provided in their CBAs, to remain at that plant.[5]

Taking Plaintiffs' allegations as true, they give rise to inferences of Union hostility that are insufficient to excuse Plaintiffs' failure to exhaust.  First, Plaintiffs are required to demonstrate hostility or bias at every level of a union's appeals process.  *LaPerriere v. Int'l Union, UAW*, 348 F.3d 127, 131 (6th Cir. 2003).  Thus, as observed by the Sixth Circuit in *Monroe*, "even assuming hostility on the part of Local [] officials," Plaintiffs must still make out a "case of hostility on the part of the International UAW."  *Monroe*, 723 F.2d at 25.  *See also Rogers v. Bd. of Educ. of the Buena Vista Schools*, 2 F.3d 163, 166 (6th Cir. 1993) (same); *Miller v. Chrysler Corp.*, 748 F.2d 323, 326 n.1 (6th Cir. 1984) (same).  Plaintiffs have not and cannot do so here.

As discussed in *Monroe*, 723 F.2d at 26, Plaintiffs' allegations that Local and International Union officials told them that they would not process a grievance on their behalf are insufficient to excuse their failure to exhaust.  Citing with approval the Seventh

---

[5]Plaintiffs' Amended Complaint does not allege a state-law conspiracy claim.  Rather, Plaintiffs merely allege that GM, the Local Union, and the International Union conspired to violate their rights under the CBA and thus violate § 301.  (Plfs. Am. Compl. ¶ 109.)  A state-law conspiracy claim which merely duplicates Plaintiffs' hybrid § 301 claim would be preempted.  *See DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994); *Baldwin v. Pirelli Armstrong Tire Corp.*, 927 F. Supp. 1046, 1057 (M.D. Tenn. 1996).

7

Circuit Court of Appeals decision in *Miller v. General Motors Corporation*, 675 F.2d 146 (7th Cir. 1982), the Sixth Circuit in *Monroe* rejected allegations similar to Plaintiffs.

> There Miller contended he was told by his local union president that any effort to use his appeal rights would be fruitless. The court held that he had the duty to know his union appeal rights and that the local president's representations could themselves be the subject of an appeal. The court stated: "In the face of such elaborate, detailed and well-documented procedures as those developed by the UAW and set forth in its Constitution, we do not believe any employee's reliance on such representations should be viewed as reasonable." The *Miller* court imposed a duty to pursue appellate rights even when told at the local level that appeal would bring no benefit.

*Monroe*, 723 F.2d at 26 (quoting *Miller*, 675 F.2d at 150). It is well-settled that "[a]n employee has a duty to pursue an appeal with the union even when told at the local level that an appeal would bring no benefits." *LaPerriere*, 348 F.3d at 131.

Second, Plaintiffs will not be able to allege facts showing hostility or bias beyond the local level. "To begin the process, a grievant files a grievance at the unit level. Appeals may be made to the local level, then to the Internal Union Executive Board, and then to either the Public Review Board (PRB) or the Convention Appeals Committee (CAC). If the unit or local fail to act or decide that the appeals process is untimely, the aggrieved employee may appeal to the International Union." *Burkholder v. Int'l Union UAW*, No. 3:02CV7422, 2007 WL 3165789, *3 (N.D. Ohio Oct. 26, 2007).

"The Sixth Circuit has held that the UAW appeals process is fair and reasonable and has repeatedly rejected claims of hostility on that ground." *Id.* For example, in *Wagner*, the Sixth Circuit observed that "the UAW constitution permits [the plaintiff] to seek redress before the Public Review Board (PRB)." *Wagner*, 905 F.2d at 128. The PRB "consists 'of impartial persons of good public repute,' neither members nor employees of UAW." *Monroe*, 723 F.2d at 24 n.3 (quoting UAW Const. art. 32, § 1). It is "one of the avenues of

last resort available to aggrieved employees under the UAW constitution's internal procedures" and is "an independent group of academic and social agency persons with no UAW affiliation." *Id.* Accordingly, Plaintiffs cannot show that the PRB is biased and would thus deny them a fair hearing. *See id.*

### 2. Plaintiffs Cannot Show Inadequate Relief

Plaintiffs' allegations that the PRB cannot provide them with the relief they seek are similarly insufficient. Plaintiffs allege that the UAW and Local 598 have stated that the decisions to (1) transfer Plaintiffs from their jobs at Flint Truck to Pontiac Truck; (2) allow GM employees from Area Hire to replace Plaintiffs; (3) allow GM employees from Extended Area Hire to replace Plaintiffs; and (4) allow GM's temporary employees to remain at Flint Truck while Plaintiffs were removed from Flint Truck were all "collective bargaining policies." Accordingly, Plaintiffs allege, these decisions are precluded from review by the PRB under Article 33, § 3(f) of the UAW's Constitution. (Am. Compl. ¶¶ 118-127.)

Plaintiffs' allegations fail for a number of reasons. First, the federal courts have consistently held that "workers have a duty to learn about the union remedies and may not rely on the advice of a union representative." *Burkholder*, 2007 WL 3165789 at *2. "It is well-settled that the opinion of a union representative cannot be construed as a waiver of the UAW's constitutional appeal requirements." *Ryan v. Gen. Motors Corp.*, 929 F.2d 1105, 1110 (6th Cir. 1989). Thus, even accepting as true Plaintiffs allegations that Union officials have stated that these decisions are collective bargaining policies, federal law does not excuse Plaintiffs' reliance on any such statements.

Second, Plaintiffs' allegations giving rise to their § 301 claims reveal that they are not seeking to undo the National CBA because they quarrel with decisions made by the UAW

9

during bargaining with GM.  Rather, they seek to enforce the terms of the National CBA that Plaintiffs allege were breached by GM.  Accordingly, despite any statements by Union officials to the contrary, there are CBA and intra-union procedures that provide the relief Plaintiffs seek.  In fact, Paragraph 55 of the National CBA expressly provides that:

> *Any issue involving the interpretation and/or the application of any term of this Agreement* may be initiated by either party directly with the other party.  Upon failure of the parties to agree with respect to the correct interpretation or application of the Agreement to the issue, it may then be appealed directly to the Umpire as provided in Paragraph (43).

(GM Mot., Ex. 2, National CBA, ¶ 55 at p. 41) (emphasis added).

Third, even if Plaintiffs' disputes do involve matters of bargaining policy beyond the purview of the PRB, Article 33 of the UAW Constitution permits complaints regarding bargaining policy to be appealed to another independent decision making body, the Convention Appeals Committee (CAC).  The CAC "has jurisdiction to consider and decide all appeals submitted to it from any decision of the International Executive Board." (Def. Unions' Mot., Ex. 1, UAW Constitution, Art. 33, § 3(e) at p. 91-92.)    The CAC is composed of members from around the country selected by lot from rank-and-file delegates to the UAW's Constitutional Convention.  (Def. Unions' Mot., Ex. 1, UAW Constitution, Art. 33, § 3(e) at p. 92.)  Thus, Plaintiffs have available a process that allows them to have a hearing independent of the UAW's political hierarchy if they fail to prevail at one of the lower steps of the appeals process.

Plaintiffs allege that certain Local and/or International Union representatives permitted GM to violate their CBA so these Union representatives could favor their friends or family.  This is insufficient to show that the entire intra-union appeal process is biased against Plaintiffs.  As described above, Article 33 is designed to obviate such biases and to afford

aggrieved members the opportunity to seek review before an independent body.  Plaintiffs' allegations may be sufficient to show bias at the Local level, but that is not enough.  Under Article 33, §§ 1, and 2(a) of the UAW Constitution, Plaintiffs are provided with various routes of appeal of the Union's alleged failure or refusal to act on their behalf as well as the Union's alleged actions with regard to their positions at the Flint Truck plant.  Plaintiffs have not and cannot allege facts showing that they would encounter hostility and bias at every level at the appeals process thus precluding them from obtaining a fair hearing or adequate relief.

### 3.  Unreasonable Delay

As to the third ground that excuses a failure to exhaust, Plaintiffs cannot allege that the exhaustion requirement has unreasonably delayed their opportunity to seek judicial review.  *See Clayton*, 451 U.S. at 689.  Here, Plaintiffs concede that they never attempted to exhaust their internal remedies.  Accordingly, they cannot complain that the intra-union appeal processes undertaken constituted an unreasonable delay.

### 4.  Plaintiffs' Discovery Requests

Plaintiffs' final argument, that Defendants' motions to dismiss must be denied because they need discovery to prove their hybrid § 301 case, misses the point of Defendants' motions.  Plaintiffs claim they need discovery regarding (1) the names of GM employees who replaced them; and (2) the Bankruptcy Court's approval of a March 22, 2006 agreement between GM, the UAW, and Delphi.  That discovery would help Plaintiffs prove the merits of their § 301 case.  It does nothing to advance their argument that it would have been futile to exhaust their intra-union remedies before filing this § 301 lawsuit.

**III. Conclusion**

For the above-stated reasons, Defendants' motions to dismiss are GRANTED. Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: December 6, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 6, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager